VICTOR SUTRO, FRANK RAY KIMBLEY AND CHARLES D. ROBBINS, PARTNERS, TRADING AS SUTRO & KIMBLEY, RESPONDENTS, v. JACOB JACOBSON, APPELLANT.

Submitted July 11, 1921.—Decided September 30, 1921.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"In this case an inference may be drawn from the proof offered by the plaintiff that they were stock brokers and members of the New York Stock Exchange; that by request of the defendant they subscribed for $25,000 worth of the bonds of Great Britain at 101 and interest; that this subscription depended upon the approval of J. P. Morgan & Co.: that it was approved by that company and that the plaintiffs paid the money and took up the subscription for the defendant; that the price of the bonds depreciated and that the defendant, being called upon for a margin, ordered the bonds sold, which the plaintiffs did for his account at a loss of $620, to recover which this suit was brought; and the plaintiffs having the judgment the defendant has appealed. On behalf of the defendant there was proof tending to show that the defendant did not order the bonds, which if credited by the jury would have ended the litigation in favor of the defendant, but the jury found that the defendant had subscribed for the bonds. It is urged on this appeal that, the defendant was entitled to a nonsuit because the value of the stock was

over $500, and that the provisions of the Sales act and not the statute of frauds control the case. The section of the Sales act referred to is to be found on page 4648, 4 *Comp. Stat.*, which reads: 'A contract to sell, or a sale of any goods or choses in action of the value of $500 or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold, or sold, and actually received the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.'

"The first point argued by the appellant is that the trial judge illegally excluded testimony offered by the defendant on the cross-examination of one of the plaintiffs. The purpose of this evidence, as the defendant contends, was to show that the plaintiffs were acting as agents for a syndicate which was endeavoring to dispose of the bonds. This evidence was overruled upon the ground that the plaintiff could not establish or disavow the agency as a conclusion of law, but that the testimony should be limited to the facts by which the alleged agency was established. This, we think, was correct, because the agency depended upon the legal conclusion to be drawn from facts, and not from the assertion or conclusion of the witness. In addition to this, the witness had testified to all the facts, and whether they constituted the agency claimed by the defendant depended on the finding of facts by the jury.

"The next point urged is that the trial court erroneously charged the jury that they were to determine (1) were the bonds ordered by the defendant; (2) if ordered, were plaintiffs selling their own bonds, or were they acting as brokers for the defendant; (3) if they found that plaintiffs were not acting as brokers, but were selling their own bonds, whether the defendant, under the evidence, had accepted the bonds or exercised any dominion over them, and that if he did, then the plaintiffs were not prevented from recovery. The argument challenging this instruction is that the trial court by this charge ignored the evidence tending to show that the plaintiffs were acting as brokers for the syndicate and in effect

directed the jury to ignore it. The objection is not that the court improperly charged the law, but that it omitted to submit to the jury the question whether the plaintiffs were acting as brokers for the syndicate. The answer to this is that the court was not requested to make such a charge, for there appears to have been but one request made, to be hereafter considered. It is not a ground of error that the trial court neglected to charge the jury on some question of law unless his attention is called to it.

"The next point is that the trial court charged that if the defendant had simply said, 'You buy for me or subscribe for me for 2,500 shares United Kingdom bonds,' then they were simply acting as brokers or agents for the defendant and the Sales act does not apply. The objection made to this is that the court was describing a proposed conversation and then interpreted the effect instead of allowing the jury to do so. This argument is not sound, because by reference to the charge it will be seen that the court was illustrating to the jury what was necessary to constitute a particular contract, but what the contract was as entered into was left to the jury.

"The next point is that the court refused to charge as requested, that if the plaintiffs were entitled to recover, the defendant was entitled to a credit, representing the per cent. allowed by the syndicate to the plaintiffs for securing subscriptions, defendant's theory being that as the plaintiff was acting as broker for the defendant they were not entitled to make a secret profit. The evidence shows that these bonds could not be subscribed for for less than 101, that being the required cost to the subscriber, and this the defendant knew, or a jury might so infer from the evidence, and he also knew that the plaintiffs were obtaining these subscriptions for the syndicate, and that he himself could not have obtained any subscription at less than 101. The percentage paid by the syndicate to the plaintiffs was not a secret profit to the injury of the defendant.

"The last two points are refusal to grant a motion for a nonsuit or to direct for the defendant. What has been said disposes of these propositions against the defendant. The judgment should be affirmed, with costs, and it is so ordered."

For the appellant, *Edward Schoen.*

For the respondents, *Whiting & Moore.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.    12.

*For reversal*—None.